1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  CALYSTA SHARP,                          No.  2:17-cv-460-JAM-KJN PS

12              Plaintiff,

13      v.                                  ORDER TO SHOW CAUSE

14  DAVID REYES SHARP, et al.,

15              Defendants.

16

17

18

19          On March 2, 2017, plaintiff Calysta Sharp filed a complaint along with a motion to

20  proceed *in forma pauperis*.  (ECF Nos. 1, 2.)

21          Plaintiff's complaint is subject to screening in accordance with 28 U.S.C. § 1915.

22  Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines

23  that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a

24  claim on which relief may be granted, or seeks monetary relief against an immune defendant.

25          A federal court also has an independent duty to assess whether federal subject matter

26  jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins. Co. v.

27  Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty

28  to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties

1

raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).  A federal district court generally has original jurisdiction over a civil action when:  (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

Here, plaintiff utilized a form complaint.  Although she completed the names of the plaintiff and defendants, and checked the boxes for federal question and diversity of citizenship jurisdiction, she entirely failed to identify a specific federal claim; failed to explain why the parties are diverse (especially when plaintiff and at least some defendants reside in California); and failed to assert the amount in controversy.  Indeed, plaintiff left the substantive portions of the form complaint empty, and failed to allege any facts in support of her claims.  As such, plaintiff has not satisfied her burden to show that this court has federal subject matter jurisdiction.

Accordingly, IT IS HEREBY ORDERED that:

1.  Within 21 days of this order, plaintiff shall show cause why this action should not be dismissed for lack of federal subject matter jurisdiction.[1]

2.  Failure to timely respond to this order will be deemed plaintiff's consent to dismissal, and will result in a recommendation that the action be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated:  March 16, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The court defers ruling on plaintiff's motion to proceed *in forma pauperis* until resolution of the order to show cause.

2