1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CALYSTA SHARP,                          No.  2:17-cv-0460-JAM-KJN PS

12              Plaintiff,

13       v.                                  FINDINGS AND RECOMMENDATIONS

14   DAVID REYES SHARP, et al.,

15

16              Defendants.

17

18

19          On March 2, 2017, plaintiff Calysta Sharp filed a complaint along with a motion to

20   proceed *in forma pauperis*.  (ECF Nos. 1, 2.)

21          Plaintiff's complaint is subject to screening in accordance with 28 U.S.C. § 1915.

22   Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines

23   that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a

24   claim on which relief may be granted, or seeks monetary relief against an immune defendant.

25          A federal court also has an independent duty to assess whether federal subject matter

26   jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins. Co. v.

27   Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty

28   to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties

                                              1

raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

In this case, plaintiff utilized a form complaint. Although she completed the names of the plaintiff and defendants, and checked the boxes for federal question and diversity of citizenship jurisdiction, she entirely failed to identify a specific federal claim; failed to explain why the parties are diverse (especially when plaintiff and at least some defendants reside in California); and failed to assert the amount in controversy. Indeed, plaintiff left the substantive portions of the form complaint empty, and failed to allege any facts in support of her claims. As such, plaintiff has not satisfied her burden to show that this court has federal subject matter jurisdiction.

Consequently, on March 16, 2017, the court issued an order requiring plaintiff, within 21 days, to show cause why this action should not be dismissed for lack of federal subject matter jurisdiction. (ECF No. 3.) Plaintiff was specifically cautioned that failure to timely respond would be deemed plaintiff's consent to dismissal, and would result in a recommendation that the action be dismissed for lack of subject matter jurisdiction. (Id.) Although the applicable deadline has now passed, plaintiff entirely failed to respond to the order to show cause or even request an extension to comply.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The action be DISMISSED for lack of subject matter jurisdiction.

2.  The motion to proceed *in forma pauperis* in this court (ECF No. 2) be DENIED AS MOOT.

3.  The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written

2

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated:  April 19, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3